STATE OF MAINE                                          SUPERIOR COURT

Cumberland, ss.


MATTHEW AYOTTE

            Plaintiff

      v.                                    Docket No. PORSC-AP-18-051

MAINE DEPARTMENT OF CORRECTIONS

            Respondent

## DECISION AND JUDGMENT

In this appeal under Rule 80C of the Maine Rules of Civil Procedure and the

Maine Administrative Procedure Act, 5 M.R.S. §§ 11001 *et seq.*, Matthew Ayotte, a

state prisoner, challenges decisions by the Maine Department of Corrections

[DOC] that required him to participate in a sex offender treatment program and

that resulted in sanctions when he refused to participate.

After some delays [1] the Defendant MDOC was served and filed the

administrative record and the parties' briefs followed.  Meanwhile, Petitioner has

---

[1]  The petition was docketed October 22, 2018.  In an Order entered four days later, the court assessed a partial filing fee of $133.83 based on Petitioner's prison account records pursuant to 4 M.R.S. § 1058.  The Petitioner responded with a letter docketed November 7, 2018 indicating that MDOC would not allow him to make the required partial payment.  The court then issued an order November 20, 2018, indicating "Docket appeal & serve petition at state expense.  Issue of fee will be addressed with MDOC counsel.  Send copy of this order to [Maine Correctional Center]."  Petitioner filed a further letter regarding his inability to pay the partial filing fee, docketed November 21, 2018, and the court entered a further handwritten order November 27, 2018: "Docket case and serve petition without payment—court will find out from MDOC counsel why funds are not being released."  Service on MDOC was completed as of February 14, 2019, when MDOC's acceptance of service was docketed.   The court did not authorize service at state expense on the three individual respondents named in the Petition for Review.  Meanwhile, during January and February, the Petitioner filed a large volume of papers, including further

1

REC'D CUMB CLERKS OFC
NOV 19 '19 AM 11:13

completed his sentence, a change that led him to file a Motion to Request Permission to Change Relief Requested. MDOC opposes the Motion and it is addressed below.

The administrative record consists of two components. record as it pertains to Petitioner's time at MSP is attached to Certificates filed by Josh Black and Ben Beal. The record relating to Petitioner's time at MCC is attached to the Affidavit of Shawn Emerson, custodian of grievances filed by prisoners at MCC in 2018.

The court elects to decide this appeal without oral argument. *See* M.R. Civ. 80C(l) (oral argument to be scheduled "[u]nless the court otherwise directs." *See also Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶26, 961 A.2d 538 (Rule 80C permits court to direct that oral argument not be scheduled).

## *Background*

Petitioner Ayotte was an inmate at the Maine State Prison (MSP) prior to May 2018. In that month, he was transferred to the Maine Correctional Center (MCC) for the purpose of participating in a sex offender treatment program offered at MCC under the name RULE. On May 17, 2018, while still at MSP, Petitioner

---

grievance material, and also filed two Motions to Amend and a Motion for Immediate Temporary Restraining Order. In an Order docketed March 6, 2019, the court confirmed that the payment requirement was stayed pending MDOC's response to Petitioner's claim that he was being prevented from paying, clarified the issues involved in the appeal, and denied Petitioner's two motions. MDOC filed the administrative record June 4, 2019. A letter dated June 4, 2019 from MDOC's counsel explains the delay in the filing of the record in terms of changes in personnel and counsel's caseload. The court issued a briefing schedule June 12, 2019, after which the parties filed briefs and memoranda, the last of which was docketed September 16, 2019.

2

filed a grievance challenging MDOC's decision to transfer him. *See* Administrative Record (A.R) at 1-2. That grievance was dismissed July 3, 2018, on the ground that a prisoner's location within the correctional system is a "classification decision", not subject to the MDOC grievance procedure, but instead subject to a different appeal procedure. According to a Certificate of MDOC's acting director of classification, Ben Beal, which is part of the administrative record, Petitioner Ayotte did not pursue an appeal of his transfer to MCC.

As noted above, the primary reason for MDOC's decision to transfer Petitioner from the MSP to the MCC was for him to participate in the RULE program for sex offenders. However, once at MCC, Petitioner withdrew from participation in the RULE program and was subjected to sanctions as a result of doing so.

Precisely what the sanctions imposed were is not entirely clear from the record, but they appear to include a denial of "good time" credit toward release and also a change in his privilege level.

His withdrawal from the RULE program took place on June 4, 2018, *see* Emerson Aff. at P. 4 ("On 6/4 I withdrew from RULE program"). Petitioner was moved to a different unit at MCC as a sanction on July 2, 2018. *See id.* (Petitioner was "moved to Security Building on 7/2"). Petitioner was formally notified of the sanctions in a "prisoner performance report" [PPR] for the month of June delivered to him in early July. *See id.* On July 18, 2018, he received another PPR for the month of July. *See id.*

3

On July 11, 2018, Petitioner sent a letter to the MCC Deputy Warden, protesting the sanctions imposed as a result of his withdrawal from the RULE program and asking for the opportunity to discuss an appeal. *See* Emerson Aff. at P. 8. On the next day, July 12, 2019, the Deputy Warden responded by directing Petitioner to "re-submit your request on the correct Grievance Form which your Unit Team can provide you." *Id.* at P. 7.

On July 18, 2018, Petitioner completed two grievance forms, both protesting the sanctions imposed upon him as a result of his withdrawal from the RULE program.

*See* Affidavit of Shawn Emerson ["Emerson Aff."] at P. 4, P.6.    One grievance appears to relate to the PPR for June and the other to the PPR for July.    The two grievance forms are dated July 18, 2018 and were submitted to Petitioner's supervisor, the Deputy Warden, on July 25, 2018 for possible informal resolution. *Id.* On the same day, the Deputy Warden acted on both grievances by noting that they had not been resolved informally.  The forms were received by the Grievance Review Officer [GRO] August 1, 2019. *See id.* The GRO dismissed both because they were not filed within 15 days of when Petitioner was notified of the actions on which the grievances were based. *See* Emerson Aff. at P.3, P.5. *See* MDOC Policy No. 29.1, Subsection VI, Procedure A, Para. 10, 03-201 C.M.R. ch. 12, §29.01(VI)(A)(10).   Petitioner received notice of the dismissals on August 4, 2018. *See* Emerson Aff. at P.3, P.5.

4

Petitioner initiated a third grievance in August 2018. *See* Emerson Aff. at P. 10. This grievance, dated August 29, 2018, raises a different objection to the sanctions imposed on Petitioner for withdrawal from the RULE program. According to the grievance, Petitioner completed serving a sentence on August 25, 2018, at which point he began serving a different sentence, consecutive to the first. *See id.* His grievance contended that the MDOC sanctions imposed under the first sentence could not be carried over to continue under the second sentence. According to the grievance form, this grievance was submitted for informal resolution on September 11, 2018 and was acted on the same day. *Id.* The grievance was received by the GRO September 17, 2018. On September 21, 2018, this third grievance was dismissed for failure to meet the 15-day requirement. *See* Emerson Aff. at P. 9. Petitioner received notice of the dismissal September 24, 2018.

In October 2018, Petitioner filed a fourth grievance. On its face, this grievance does not relate to the prior ones because it challenges MDOC's alleged policy of "preventing Second Chance Pell students from having access to available resources, i.e., laptop computers—due to housing status . . ." *See* Emerson Aff. at P. 12. Petitioner was working on college courses while incarcerated and claimed to have been denied access to computer resources as a result of his housing classification. However, this grievance does relate to the others in that Petitioner's housing classification was changed as a result of his withdrawal from the RULE program.

5

The grievance was received by the GRO November 2, 2018 and was dismissed the same day, because Petitioner failed to indicate when he first became aware of being denied access to computers due to his housing classification. *See* Emerson Aff. at P. 11. Petitioner was notified of the dismissal November 16, 2018. *See id.*

## *Analysis*

In its brief, MDOC contends that none of the Petitioner's grievances is subject to judicial review. Rule 80C and the Maine Administrative Procedure Act require that a petition for judicial review of an adjudicatory agency action be brought within 30 days of the date on which the agency is final. *See* 5 M.R.S. § 11002(3); M.R. Civ. P. 80C(b). A petitioner's failure to meet the deadline deprives the court of jurisdiction to consider the appeal. *See Mutty v. Dep't of Corrections*, 2017 ME 7, ¶ 12, 153 A.3d 775.

The Petition for Review in this case was filed October 22, 2018.

Plainly, Petitioner did not file the Petition for Review within 30 days of the dismissal of his first two grievances, given that he was notified of the dismissals August 4, 2018. Accordingly, the court lacks jurisdiction to review those dismissals.

However, that is not the case with regard to Petitioner's third grievance. The Petition for Review was filed within 30 days of September 24, 2018, the day on which Petitioner received notice that his third grievance had been dismissed. Accordingly, the court does have jurisdiction to review that dismissal.

6

As noted above, this grievance challenges the continuation of the sanctions imposed on Petitioner for withdrawing from the RULE program, on the ground that the sanctions were imposed while the Petitioner was serving one sentence and cannot continue once he completed that sentence and began serving a different sentence.

On review, the court affirms the dismissal of the third grievance. The legal premise of Petitioner's third grievance is that an administrative sanction imposed on an MDOC prisoner terminates automatically when the prisoner completes a period of incarceration required by one sentence and continues to be incarcerated under another sentence. The court is not persuaded that this premise has any validity as a matter of law. The court sees no reason why a prisoner's completion of one sentence and commencement of another would have any effect on the duration of an administrative sanction imposed upon a prisoner for failure to follow MDOC's case plan. Thus, the change did not reset the 15-day deadline and Petitioner's grievance was plainly untimely filed. The dismissal of this grievance on that ground will therefore be affirmed.

Petitioner's fourth grievance was filed after the Petition for Review in this case had been filed and thus was not within the scope of the appeal. In February 2019, Petitioner filed two motions to amend, one of which—the undated filing

7

captioned "Motion to Ammend"--relates to the issue raised in his fourth grievance.[2] However, Petitioner's motion to amend so as to include the fourth grievance in his appeal was filed three months after the dismissal of the fourth grievance, so the requested amendment would be futile, as the court would still lack jurisdiction.

Finally, Petitioner's Motion to Request Permission to Change Relief Requested essentially seeks to convert this Rule 80C appeal of administrative agency action into an action for money damages. Respondent MDOC opposes the Motion on the ground that damages cannot be awarded in a Rule 80C appeal brought solely under the Maine Administrative Procedure Act, and also on timeliness grounds. The court agrees with the Respondent on both points and therefore denies the Motion.

IT IS HEREBY ORDERED:

1. Petitioner's undated Motion to Am[ ]end seeking to add defendants and also contending that "no sanction can carry over to a separate and distinct sentence' is denied.

2. Petitioner's Motion for Permission to Change Relief Requested is denied.

3. The Respondent's dismissal of Petitioner's four grievances is affirmed. Judgment shall be entered for Respondent.

---

[2] The other Motion to Amend, dated February 20, 2019, related to Petitioner's efforts to pursue education at the University of Maine at Augusta, and was denied in the court's March 5, 2019 Order.

4. The three individuals named as Respondents in the Petition are dismissed for lack of jurisdiction and service.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this Order by reference in the docket.

Dated November 19, 2019

A. M. Horton, Justice

Entered on the Docket: 11/19/19

9